D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALBERT SARRO,

                                   **ORDER**

            Plaintiff,                        **07-CV-1589 (NGG)**

     -against-

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                       Defendant.
------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Albert Sarro ("Plaintiff") filed this action under 42 U.S.C. § 405(g) to review the determination of Defendant Commissioner of Social Security ("Defendant" or "Commissioner") that he was not entitled to disability insurance benefits under Title II of the Social Security Act. (See Compl. (Docket Entry #1).) The parties filed cross-motions for judgment on the pleadings. (Docket Entry #16.) Subsequently, the Commissioner withdrew his motion (Docket Entry #19) and instead filed a motion for remand for further administrative proceedings pursuant to 42 U.S.C. § 405(g). (Docket Entry #23.) Plaintiff opposed the remand for further administrative proceedings, instead requesting that the court grant his pending cross-motion to reverse and remand solely for the computation of benefits. (Docket Entry #16.) The court granted the Commissioner's motion and denied Plaintiff's motion, remanding for further administrative proceedings. (Docket Entry #31.) Plaintiff now moves for attorney's fees under the Equal Access to Justice Act ("EAJA"). (Docket Entry #33.)

      The Equal Access to Justice Act allows a prevailing party in a civil action against the United States, "including proceedings for judicial review of agency action," to recover its

1

reasonable attorney's fees and expenses under certain circumstances. 28 U.S.C. § 2412(d). To be entitled to these statutory fees, a claimant must establish that four criteria are met: (1) the claimant is a "prevailing party"; (2) the Government's position was not "substantially justified"; (3) no "special circumstances" exist that make an award "unjust"; and (4) the fee application is timely submitted and "supported by an itemized statement." Kerin v. U.S. Postal Service, 218 F.3d 185, 189 (2d Cir. 2000). In this case, the Commissioner concedes that these criteria have been met. (Def. Opp. (Docket Entry #36) 3.) He contends, however, that the number of hours for which Plaintiff seeks compensation is unreasonable. Specifically, he notes that the number of hours expended – now 91.5 hours – is "two to four times the 20 to 40 hours that courts in this jurisdiction have held is a reasonable expenditure of time for an average social security disability court case." (Id. at 4 (citing cases).)

The reasonableness of attorney's fees sought is a factual inquiry left to the discretion of the district court. Ferguson v. Apfel, No. 98-CV-3728 (DGT), 2000 U.S. Dist. LEXIS 7223, at *7 (E.D.N.Y. Ap. 17, 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 429 (1983)). In assessing a reasonable fee award, "the typical starting point is the so-called lodestar amount, that is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Healey v. Leavitt, 485 F.3d 63, 71 (2d Cir. 2007) (internal quotation marks omitted). Beyond this, a district court may adjust fees upward or downward based on a variety of considerations, "including the important factor of the 'results obtained.' This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." Hensley, 461 U.S. at 434.

Upon review of Plaintiff's itemized billing statement, the court finds that the hours are generally reasonable, but two matters merit brief discussion. First, Plaintiff's attorney spent

about 9 hours reading notifications of short filings with the court and having brief telephone conversations, many of them with his client and this court regarding the status of the case. Almost all of these entries request reimbursement for .2 hours of attorney time. The court is not convinced that it is reasonable for an attorney to bill 12 minutes of his time for making a call to this court to check the status of his case or for calling to relay that information to his client. Similarly, 12 minutes of attorney time for reading a one or two page court filing is not reasonable. To correct this, the court will subtract 6 hours from the total, evenly divided among the three years Plaintiff's attorney worked on the case.

Second, Plaintiff's attorney spent 33 hours researching and drafting the second round of briefing in this case, including review of Defendant's submissions. This briefing occurred after the Commissioner withdrew his motion for judgment on the pleadings and offered Plaintiff a voluntary remand, which Plaintiff refused to accept. The central issue in the second round of briefing was whether the court should remand for further proceedings, or merely for a calculation of benefits. The Commissioner argues that Plaintiff should not be compensated at all for this time because Plaintiff had already argued for remand for calculation of benefits in the first round of briefing. Therefore, he claims, no new research was required and "no more than a short reply brief was warranted." The court agrees that a short reply brief would have been appropriate, but disagrees with the Commissioner's assertion that Plaintiff's counsel should not have conducted further research and should receive no compensation for the time spent briefing the motion. See Ferguson, 2000 U.S. Dist. LEXIS 7223, at *7-8 (rejecting a similar argument by the Commissioner).

Nevertheless, the court believes the hours spent on the second-round briefing must be reduced in order to arrive at a reasonable fee award for two reasons: (1) the additional briefing

3

resulted in no additional benefit for Plaintiff; and (2) a substantial portion of Plaintiff's second-round briefs was devoted to entirely premature argument for attorney's fees. Considering the "results obtained" by the second-round briefing, Hensley, 431 U.S. at 434, a reduction in fees is appropriate. Plaintiff's motion was denied in its entirety. Instead of remanding merely for a calculation of benefits, as Plaintiff requested, the court granted Defendant's motion for a remand for further proceedings. Plaintiff's arguments regarding remand were certainly not frivolous, but they were ultimately unsuccessful. On the other hand, Plaintiff's arguments for an award of attorney's fees, which consumed more than a third of his 25-page brief, were so plainly premature that the court dismissed them in a brief footnote. (See Order dated Oct. 19, 2009 (Docket Entry #31) 3 n.1.) Under these circumstances, the court finds it appropriate to subtract 22 hours from the 33 spent on this second-round briefing during 2008.

With these modifications, Plaintiff will be compensated for 63.5 hours – the 91.5 hours he requested, less 28 hours for the reasons explained above. By year, this breaks down to 41 hours in 2007, 14.7 hours in 2008, and 7.8 hours in 2009. Fees under EAJA are generally capped at $125 per hour, unless "the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Courts have routinely relied upon the Consumer Price Index ("CPI") as a measure of the cost of living. See, e.g., Harris v. Sullivan, 968 F.2d 263, 265 (2d Cir. 1992). The Second Circuit has instructed that district courts must apply a different cost of living adjustment for each year in which hours were billed, rather than applying a single adjustment to the total hours billed. Kerin, 218 F.3d at 194. Adjusting the statutory $125 per hour rate based on the CPI for the New York-Northern New Jersey-Long Island area yields the following hourly rates: $170.38 for 2007, $177.01 for 2008, and $177.80 for 2009. See Sergenton v. Astrue, No. 05-CV-4551 (ADS), 2010 U.S. Dist. LEXIS 61053, at

*13 (E.D.N.Y. May 28, 2010). Multiplying these hourly rates by the number of hours reasonably expended per year results in fees of $6,985.58 for 2007, $2,602.05 for 2008, $1,386.84 for 2009 -- $10,974.47 in total.

Plaintiff is also entitled to reimbursement for costs and reasonable expenses. 28 U.S.C § 2412(a)(1), (d). He reports $500 in costs for "filing and service." (Delott Aff. (Docket Entry #37) ¶ 11.) He also reports expenses totaling $431.93: $1.76 for mailing, (Delott Aff.) and $430.17 for computerized research services. (Delott Aff. II (Docket Entry #39), Ex. C.) Thus, in addition to the $10,974.47 in attorney's fees, the court will award $931.93 for costs and expenses.

Accordingly, Plaintiff's motion for attorney's fees is GRANTED in the amount of $11,906.40.

SO ORDERED.

Dated: Brooklyn, New York
July 19, 2010

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge